IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:02CR290

KIRK L. LONEY

## MEMORANDUM OPINION

Kirk L. Loney, a federal inmate proceeding pro se, submitted this motion and a supporting memorandum under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Loney raises the following claims for relief:[1]

Claim One   "Validity of Rule 11 and coercion" (§ 2255 Mot. 5);

Claim Two   "Insufficient factual basis/faulty indictment, sham prosecution/breach/variance or constructive amendmen[t]" (id. at 6);

Claim Three "Ineffective assistance of counsel/cross examine on allocution. He refuses to object" (id. at 7); and,

Claim Four  "Prosecutorial Misconduct" (id. at 9).

The Government has responded. Loney has replied. The matter is ripe for disposition.

---

[1] The Court corrects the capitalization in the quotations to Loney's submissions. For Loney's § 2255 Motion, the first page of the standard form begins with a page labeled "Page 2." The Court refers to the petition by the page numbers as printed on the standard form.

## I. FACTUAL AND PROCEDURAL HISTORY

Loney pled guilty to one count of possession with intent to distribute five grams or more of cocaine base.[2] (Plea Agreement ¶ 1.) The Court sentenced Loney to 105 months of imprisonment.[3] (Judgment in a Criminal Case 2.) The United States Court of Appeals for the Fourth Circuit affirmed in part and dismissed in part. United States v. Loney, 343 F. App'x 937, 939 (4th Cir. 2009). On May 17, 2010, the United States Supreme Court denied Loney's petition for a writ of certiorari. Loney v. United States, 130 S. Ct. 3305 (2010).

## II. GUILTY PLEA CHALLENGE

In Claim One, Loney states: "Validity of Rule 11 and Coercion." (§ 2255 Mot. 5.) Loney provides no supporting argument or factual allegations to support his claim. This conclusory allegation provides no basis for habeas relief. See Sanders v. United States, 373 U.S. 1, 19 (1963) (finding summary denial of § 2255 motion appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Accordingly, Claim One will be dismissed.

---

[2] The Third Superseding Indictment charged Loney with thirteen counts stemming from the search of his house and a high-speed chase. The charges included eleven drug counts and two counts charging possession of a firearm. (ECF No. 50.)

[3] By Order entered March 13, 2012, the Court reduced Loney's sentence to eighty-seven months of incarceration. (ECF No. 98.)

## III. PROCEDURALLY DEFAULTED CLAIMS

In Claim Two, Loney states his ground for relief as "insufficient factual basis/ faulty indictment, sham prosecution/breach/variance or constructive amendmen[t]" as his claim. (§ 2255 Mot. 6.) As supporting facts and law, Loney writes, in sum:

> Sealed Indictment shouldn't have never been [sic] sealed I was already in custody. A capias was pending. Plea agreement was breached by probation violation in state and Ackley using elements out of old case to get me the high end of the guidelines during sentencing. And prosecutor was not suppose [sic] to use this information to get me more time by contacting the state and getting revocated. Fifth Amendment violations.[4]

(Id.).[5]

In Claim Four, Loney alleges "Prosecutorial Misconduct." (§ 2255 Mot. 9.) As support, Loney merely provides "offered me a plea of 10 to life." (Id.)

The procedural default rule bars both Claim Two and Claim Four from review here, absent a showing of cause and prejudice

---

[4] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[5] The Court construes Loney to raise the following arguments: (1) the Court erred in sealing the Indictment; (2) the Court and the prosecutor improperly referenced a prior state conviction during sentencing which led to a higher sentencing range and breached his plea agreement; and, (3) the prosecutor breached the Plea Agreement by contacting state authorities.

or actual innocence, because Loney could have, but did not, raise them on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982). Loney fails to show cause and prejudice or actual innocence. Accordingly, Claims Two and Four will be dismissed.

### IV. ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing

ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, the [convicted] defendant would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A convicted defendant's assertion that he or she would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing Hill, 474 U.S. at 59-60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. Id. at 369-70.

Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings

5

made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Accordingly, the United States Court of Appeals for the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Loney's semi-coherent allegations provide no basis for doubting the validity of his guilty plea. Loney alleges: "Ineffective assistance of counsel/cross examine on all allocution. He refuses to object." (§ 2255 Mot. at 7.) In support of his claim, Loney contends:

> Mr. Janus didn't defend me properly. Mr. Janus dragged me over from state court into the federal court after not defending me in state court. The Federal Indictment from 2002 was supposed to had been

6

> [sic] quashed but was used as a tool to coerce this
> plea. Janus missed a court proceeding upon my arrest.
> Janus didn't allow me to attend my bond hearing in the
> state.

(Id.)

The majority of Loney's allegations appear to stem from Loney's belief that counsel provided ineffective assistance in state court proceedings. Any deficiency of counsel in prior state court proceedings must be brought pursuant to 28 U.S.C. § 2254, and are not challengeable by way of § 2255.

Moreover, Loney's claims about counsel's purported deficiency in the federal proceedings are foreclosed by his sworn statements at the Rule 11 hearing. During the hearing, Loney agreed that he had sufficient opportunity to discuss the plea agreement, potential defenses, and sentencing possibilities with his attorney, and that he was "entirely satisfied with what [his] attorney [had] done for [him]." (June 14, 2007 Tr. 9.) Loney also agreed that no one had made any promises or threats to induce his guilty plea. (June 14, 2007 Tr. 17.) Loney alleges no extraordinary circumstances to undermine his sworn statements to the Court that counsel performed satisfactorily. Moreover, Loney fails to demonstrate any deficiency by counsel, or resulting prejudice, with respect to his federal proceedings. Loney fails to demonstrate that, but for trial counsel's

7

purported errors, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59.

Because Loney fails to demonstrate any deficiency or prejudice, Claim Three will be dismissed.

### V. MOTIONS TO APPOINT COUNSEL AND TO AMEND

On July 27, 2012, Loney submitted a Motion to Appoint Counsel. (ECF No. 102.) On August 6, 2012, Loney submitted a Motion to Amend in which he seeks to amend his § 2255 Motion to add thirteen claims and supporting papers. (ECF No. 104.)

#### A. Motion To Amend

The Court appropriately denies as futile leave to amend, when the statute of limitations bars the new claims. See Ingram v. Buckingham Corr. Ctr., No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011). As discussed below, the statute of limitations bars Loney's claims.

##### 1. Statute Of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Loney's conviction became final on May 17, 2010, when the Supreme Court denied his petition for a writ of certiorari. See 28 U.S.C. § 2255(f)(1). Loney then had one year, or until Tuesday, May 17, 2011 to file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f).

On May 17, 2011, Loney filed his § 2255 Motion within the statute of limitations.[6] (§ 2255 Mot. 13.) However, Loney filed his Motion to Amend on July 30, 2012, more than two years after

---

[6] The Court deems an inmate's motion filed on the date it is handed to prison staff for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988).

his conviction became final. (Mot. Amend PageID# 127.)[7] Because Loney failed to file his Motion to Amend within the one-year limit, the statute of limitations bars the proposed amended claims unless Loney demonstrates entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2)-(4), entitlement to equitable tolling, see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)), or the new claim relates back to the claims in the § 2255 Motion, see United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

2. **Belated Commencement**

Loney provides no argument for belated commencement or equitable tolling. Loney states only that "petitioner has determined that more than he expected must be added to his memorandum of law [submitted] July 9, 2012."[8] (Mot. Amend. PageID# 125.) He continues: "the events set forth in the [amendments] have occurred since the time that the original

---

[7] The Court employs the PageID# assigned by the Court's CM/ECF docketing system to the Motion to Amend and attachments (ECF No. 104).

[8] The Court notes that Loney filed no submissions dated July 9, 2012. Nevertheless, if the Court used July 9, 2012 as the filing date of his Motion to Amend, the amendments remain untimely.

pleadings in this matter were filed." (Id. at PageID# 129.) Loney seeks to add the following claims, stated verbatim here:[9]

> 1. Newly discovered evidence compared and contrasted with other evidence.
> 2. Attorneys Murray Janus, Taylor Stone and Legal Assistant Dontáe Bugg failed to investigate pertinent evidence in Petitioner's favor which shows a conflict of interest.
> 3. Adverse domination over Petitioner's strongest arguments.
> 4. Breach of fiduciary duty by Petitioner's attorneys.
> 5. Prosecutors withheld exculpatory evidence.
> 6. Fraudulent concealment of an action by all parties involed [sic] such as selective prosecution and gender biasness. Conspiracy/cover-up.
> 7. Ambush by judicial proceedings.
> 8. Ambiguous language is to be construed [in] Petitioner's favor.
> 9. Contra proferentem is for Special Assistant U.S. Attorney.
> 10. Conversion of Petitioner's property/legal material.
> 11. Fraud on the court with known use of false evidence and false testimony before grand juries.
> 12. Corpus delicti rule.
> 13. Fraud in the factum.

(Mot. Amend. PageID# 128-29.) A review of Loney's submissions indicate that his new claims attack his criminal proceedings, which concluded prior to the filing of his § 2255 Motion. Loney fails to provide any argument as to why, acting with due diligence, he could not have discovered the facts supporting

---

[9] The Court corrects the numbering of Loney's new claims.

these claims within the one-year limitations period.[10] Moreover, neither Loney nor the record suggests circumstances that warrant equitable tolling. Because Loney fails to demonstrate any meritorious grounds for belated commencement or equitable tolling, the statute of limitations bars the amendment unless the claim relates back to a claim in the original § 2255 Motion.

### 3. Relation Back

Courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. Pittman, 209 F.3d at 317. Rule 15 allows for amendments to the § 2255 motion filed after the one-year statute of limitations, provided the amendment relates back to the original timely filed motion. A claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

An amended claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545

---

[10] Loney submits a letter from counsel dated July 18, 2011 that he claims is newly discovered evidence. (Mot. Amend. PageID# 129, 143-44.) However, the letter responds to Loney's request for his state court criminal file and his state court record, and counsel explains that he forwarded Loney the entire contents of Loney's file in 2008. (Id.) This letter supplies no new facts that warrant a belated commencement under 28 U.S.C. § 2255(f)(4).

U.S. 644, 650 (2005). In this regard, it is not sufficient that the new claim simply "has the same form as the original claims," if the new claim "arises out of wholly different conduct." Pittman, 209 F.3d at 318.

In his original § 2255 Motion, Loney brings claims contesting the validity of his Rule 11 proceeding, a claim challenging the sealing of his indictment and the reference to a prior state conviction during sentencing, a claim of ineffective assistance of counsel stating vaguely that counsel "didn't defend me properly" in federal and state court, and a claim of prosecutorial misconduct based upon his plea. (§ 2255 Mot. 5-7, 9.) Loney's vague new claims raise different challenges to his criminal proceedings than those set forth in the original § 2255 Motion. Moreover, Loney's "Supplemental Complaint with Supporting Papers" merely combs through the various attached state court records, submissions from a prior 42 U.S.C. § 1983 case filed in this Court, letters pertaining to his court records, and portions of his criminal record, and highlights purported flaws. Finally, Loney's original claims stated no more than bare assertions and conclusory allegations lacking in adequate factual support, thus Loney's subsequently filed claims have nothing to relate back to. See Payne v. United States, Nos. 8:99-CR-78-T-27MSS, 8:05-CV-273-T-27MSS, 2007 WL 496608,

*4-6 (M.D. Fla. Feb. 12, 2007); see also Mayle, 545 U.S. at 659 ("[R]elation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims.") (internal quotation marks omitted). Loney's new claims fail to relate back to Loney's timely filed claims. Accordingly, Loney's Motion to Amend (ECF No. 104) is untimely and will be denied.[11]

### B. Appointment of Counsel

With regard to Loney's Motion to Appoint Counsel, petitioners possess no constitutional right to appointed counsel in post-conviction proceedings. Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A. Upon review of Loney's pleadings, the Court concludes that the issues in this matter lack complexity and the interests of justice do not require the appointment of counsel. Accordingly, the Motion to Appoint Counsel (ECF No. 102) will be denied.

---

[11] To the extent that Loney's "Supplemental Complaint with Supporting Papers," (ECF No. 104-1) contains supplemental briefing supporting his original claims, the Court has taken that argument into consideration here.

## III. CONCLUSION

For the foregoing reasons, Loney's claims will be dismissed. Loney's Motion to Appoint Counsel (ECF No. 102) and Motion to Amend (ECF No. 104) will be denied. Loneys's § 2255 Motion (ECF No. 86) will be denied and the action will be dismissed. A certificate of appealability ("COA") will be denied.[12]

The Clerk is directed to send a copy of this Memorandum Opinion to Loney and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: July 18, 2013
Richmond, Virginia

---

[12] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Loney fails to satisfy this requirement.