IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:02CR290
    Civil No. 3:13CV836

KIRK L. LONEY

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on July 22, 2013, the Court denied Kirk L. Loney's 28 U.S.C. § 2255 motion ("§ 2255 Motion"). United States v. Loney, No. 3:02CR290, 2013 WL 3816739, at *6 (E.D. Va. July 22, 2013). On August 15, 2013, Loney filed a Motion for Extension of Time to file a motion for reconsideration. (ECF No. 112.) On August 19, 2013, Loney filed his Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion," ECF No. 113.) On September 12, 2013, Loney filed a Memorandum of Law in Support of Motion for Leave to File Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d). ("Rule 15(d) Motion," ECF No. 115.) For the reasons that follow, the Court will deny Loney's Motion for Extension of Time (ECF No. 112), will deny Loney's Rule 59(e) Motion (ECF No. 113), and will file his Rule 15(d) Motion as a successive, unauthorized 28 U.S.C. § 2255 motion.

## I. MOTION FOR EXTENSION OF TIME

In his Motion for Extension of Time, Loney insists that he only became aware of the Court's July 22, 2013 Memorandum Opinion and Order on August 5, 2013 and requests an extension in which to file his motion for reconsideration. (ECF No. 112, at 1.) The Federal Rules of Civil Procedure prohibit such an extension. See Fed. R. Civ. P. 6(b)(2) (precluding courts from extending the time to act under, inter alia, Rules 59(e) and 60(b)). Accordingly, the Motion for Extension of Time (ECF No. 112) will be denied.

## II. RULE 59(e) MOTION

On August 19, 2013, Loney timely filed his Rule 59(e) Motion. (ECF No. 113.) In his Rule 59(e) Motion, Loney asks for reconsideration of the Court's denial of his § 2255 motion "so he can expound and clarify on facts . . . overlooked by this Court while rendering its decision." (Rule 59(e) Mot. 1.) The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v.

Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Loney again attempts to challenge his conviction and fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 113) will be denied.

### III. SUCCESSIVE § 2255 MOTION

On September 12, 2013, Loney filed what he calls a Rule 15(d) Motion.[1] (ECF No. 115.) Loney's motion challenges the validity of his conviction and the Court's resolution of the merits of his § 2255 Motion. As explained below, the Rule 15(d) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions

---

[1] Federal Rule of Civil Procedure Rule 15(d) states:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

3

and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the

prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

In his Rule 15(d) Motion, Loney attempts to add the following claims:

> conflict of interest, failure to investigate and withholding exculpatory evidence . . . . Petitioner's criminal attorneys . . . failed to investigate whether the fabricated (planted drugs) drugs and knife were on my person or in the car. And [the prosecutors] withheld exculpatory evidence . . . . Petitioner's attornies [sic] presented a conflict of interest by going along with the prosecution's coercive tactics and not advising this client correctly . . . .

(Rule 15(d) Mot. 1 (capitalization corrected.) Loney's Rule 15(d) Motion challenges his conviction and falls squarely within the ambit of 28 U.S.C. § 2255(a). See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive "habeas corpus application" if it "seeks vindication" of "a claim" for relief from the criminal judgment, regardless of the title of the motion). Accordingly, the Clerk will be directed to file the Rule 15(d) Motion as a successive § 2255 Motion. The Court has not received authorization from the Fourth Circuit to hear Loney's successive § 2255 Motion. The § 2255 Motion (ECF No. 115) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of

5

a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Loney fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Loney.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2013